**PELTON & ASSOCIATES PC**
Brent E. Pelton (BP 1055)
pelton@peltonlaw.com
Taylor B. Graham (TG 9607)
graham@peltonlaw.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltonlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HECTOR RAMOS and PATRICIO DELGADO, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>**-against-**<br><br>**NIKODEMO OPERATING CORP. d/b/a FLORIDIAN DINER, DIMITRIOS KALOIDIS, IOANIS PARAPONIARIS, and STEVE ZAHARAKIS, Jointly and Severally,**<br><br>**Defendants.** | **CLASS & COLLECTIVE<br>ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Hector Ramos and Patricio Delgado (the "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

1

## NATURE OF THE ACTION

1.      Plaintiffs are former dishwashers, bussers, cooks and servers at Defendants' diner located in Brooklyn, New York.  Plaintiffs were not paid minimum wages for all hours worked and were not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.      Plaintiffs bring this action to recover unpaid minimum wages and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiffs also bring claims for unpaid spread-of-hours premiums, for failure to provide proper wage notices and wage statements and for uniform violations pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

3.      Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants in New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

7.     Plaintiff Hector Ramos was, at all relevant times, an adult individual residing in Kings County, New York.

8.     Plaintiff Patricio Delgado was, at all relevant times, an adult individual residing in Kings County, New York.

9.     Throughout the relevant time period, Plaintiffs performed work for Defendants at "New Floridian Diner," located at 2301 Flatbush Avenue, Brooklyn, New York 11234.

10.     Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**Defendants:**

11.     Nikodemo Operating Corp. is an active New York Corporation doing business as "New Floridian Diner" with its principal place of business at 2301 Flatbush Avenue, Brooklyn, NY 11234. Nikodemo Operating Corp. is hereinafter referred to as the "Corporate Defendant" or "Floridian Diner."

12.     Defendant Dimitrios Kaloidis ("Kaloidis") is an owner and operator of the Corporate Defendant.

13.     Defendant Ioanis Paraponiaris ("Paraponiaris") is an owner and operator of the Corporate Defendant.

14.     Defendant Steve Zaharakis ("Zaharakis" and, collectively with Kaloidis and Paraponiaris, the "Individual Defendants" and, collectively with the Corporate Defendants, the

3

"Defendants") is an owner and operator of the Corporate Defendant.

15.     The Individual Defendants maintained operational control over the Corporate Defendant and jointly managed the Floridian Diner by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiffs,.

16.     The Individual Defendants jointly employed Plaintiffs, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the employees by the same methods, and sharing control over the employees.

17.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in their direction and control of Plaintiffs and the Defendant's other similarly situated employees, and are each an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

18.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

19.     At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

20.     Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

21.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since March 2, 2013 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members").

22.     A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

23.     Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to the NYLL, Plaintiffs bring their Third through Eighth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants in New York at any time since March 2, 2010 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees (the "Class Members").

25.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

26.     The Class Members are so numerous that joinder of all members is impracticable.

27.     Upon information and belief, there are well in excess of forty (40) Class Members.

28.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

    a.   whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

    b.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

    c.   whether Defendants failed and/or refused to pay Plaintiffs and the Class Members minimum wage for all hours worked;

    d.   whether the Defendants automatically deducted from Plaintiffs and Class Members' hours worked for a lunch break, regardless of whether or not a lunch break was taken;

    e.   whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

f.  whether Defendants failed to pay Plaintiffs and the Class Members an extra hour of minimum wage when working shifts or split shifts in excess of ten (10) hours;

g.  whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

h.  whether Defendants failed to provide proper wage notice to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

i.  whether Defendants failed to reimburse Plaintiffs and the Class Members for the cost of their uniform;

j.  whether Defendants failed to pay Plaintiffs and the Class Members uniform maintenance pay;

k.  whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

l.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

29.  <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, are restaurant employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid less than the statutory minimum wage for all hours worked, were not paid overtime premium pay for hours

worked over forty (40) hours in a given workweek, were not paid spread of hours premiums when working a shift and/or split shift of ten (10) or more hours, did not receive uniform maintenance pay, did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

30.     <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

31.     Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

32.     <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

33.     Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

34.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Floridian Diner**

35.     Upon information and belief, Floridian Diner is a 250-seat restaurant open 24 hours a day, 7 days a week.

36.     Upon information and belief, Nikodemo Operating Corp. and the Individual Defendants have been operating the Floridian Diner since in or around 1972.

37.     Nikodemo Operating Corp. was registered with the New York State Department of State, Division of Corporations on June 2, 1972.

38.     In the corporate filings with the New York State Department of State, Division of Corporations, Defendant Kaloidis is listed as the Chief Executive Officer and Registered Agent for Nikodemo Operating Corp.

39.     Upon information and belief, Defendants Zaharakis and Paraponiaris are a constant presence in the restaurant and take an active role in ensuring that the restaurant is run in accordance with their procedures and policies.

40.     Upon information and belief, at all times relevant, Defendant Kaloidis, in conjunction with the other Individual Defendants, has had power over payroll and personnel decisions at Floridian Diner, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

41.     Upon information and belief, Defendant Kaloidis, through his agents and employees, operates and manages Floridian Diner with the same or substantially similar employment practices and policies as the others diners which he owns and operates.

9

**Plaintiffs' Work for Defendants**

42.     Plaintiff Ramos has been employed by Defendants as a server at Floridian Diner from in or around 2006 through the present (the "Ramos Employment Period").

43.     Throughout the Ramos Employment Period, Plaintiff Ramos has typically been scheduled to work six (6) days per week, with most Wednesdays off. Although his schedule typically varied from week to week, Plaintiff Ramos typically worked on Mondays from approximately 11:00 am to approximately 9:00 pm, Tuesdays, Thursdays, Fridays, and Sundays from approximately 7:00 am to approximately 5:00 pm, and Saturdays from approximately 9:00 am to approximately 9:00 pm, for a total of approximately fifty-four (54) hours per week, and sometimes more.

44.     For his work, from the beginning of the Ramos Employment Period until in or around 2013, Ramos was paid approximately $3.00 per hour for all hours worked, plus gratuities. Thereafter until in or around the end of 2015, Ramos was paid $5.00 per hour for all hours worked, plus gratuities. Beginning in or around January 2016 through the present, Ramos has been paid $7.50 per hour for all hours worked, plus gratuities.

45.     Throughout the Ramos Employment Period, Ramos was never informed that Defendants were relying on the tip-credit to compensate him at less than the full minimum wage.

46.     As such, throughout the Ramos Employment Period, Plaintiff Ramos has not been paid the legally-required minimum wages for all hours worked and has not been paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each workweek.

47.     Moreover, throughout the Ramos Employment Period, Ramos has typically been

required to work past his shift and he has not been compensated for that time; he has only been compensated for hours worked during his typical shift.

48.     Throughout the Ramos Employment Period, Ramos has been required to buy and wear a uniform while working at Defendants' diner.  His uniform consists of a white shirt, black pants, black vest and a black tie or bow tie.

49.     Plaintiff Ramos has been responsible for maintaining and cleaning his uniforms during his entire employment period and has not received any uniform maintenance pay form Defendants.

50.     Plaintiff Delgado has been employed by Defendants as a busser, dishwasher and cook since in or around 1981 through the present (the "Delgado Employment Period").

51.     Throughout the Delgado Employment Period, Delgado has typically worked six (6) days per week, with Tuesdays off. His typical schedule was from 11:00 am until 9:00 pm on Monday, Thursday, and Friday, from 6:00 am until between 4:00 pm and 5:00 pm on Wednesday, and from 9:00 am until 9:00 pm on Saturday and Sunday, for a total of approximately sixty-five (65) hours per week, and sometimes more.

52.     For his work, throughout the Delgado Employment Period, Plaintiff Delgado has been paid on a purported "salary" basis of between seven hundred and seven hundred and fifty dollars ($700.00 - $750.00) per week.

53.     As such, through the Delgado Employment Period, Plaintiff Delgado has not been paid overtime compensation of one and one-half (1.5) times his regular hourly rate for hours worked over forty (40) each work-week.

54.     Throughout their respective employment periods, each Thursday, Plaintiffs

11

receive from Defendants Zaharakis and/or Paraponiaris an envelope containing their weekly payments in cash.  From in or around the beginning of 2015 through the present, Plaintiffs have been required to sign a piece of paper which contains certain payment information, in order to collect their wages each week.

55.    Despite the fact that during the Class Period Defendants maintained a formal time-keeping system and required Plaintiffs to clock in and out in order to record their hours worked, upon information and belief, Defendants would round down the Plaintiffs and Class Members' hours, in the restaurant's favor. Specifically, if Plaintiffs and Class Members clocked in more than 15 minutes into an hour (e.g., 9:16 am), Defendants would automatically round the employee's work hours to the next full hour (e.g., 10:00 am), essentially deducting up to 45 minutes from the employee's work hours.

56.    In addition, Defendants would automatically deduct one hour as a lunch break for each day that Plaintiffs and Class Members worked, notwithstanding the fact that Plaintiffs and Class Members rarely, if ever, took a lunch break of more than 30 minutes, let alone a full one-hour uninterrupted lunch break. Consequently, through Defendants' automatic adjustments and deductions to their employees' time worked, Defendants failed to credit Plaintiffs and Class Members for all hours worked each week.

57.    During their respective employment periods, although Plaintiffs have typically worked a spread of more than ten (10) hours per day or split shifts, they have not received spread-of-hours premiums equal to an additional hour at the applicable minimum wage for such days.

58.    Throughout their respective employment periods, Plaintiffs have not been

provided with wage notices at hiring, by February 1 of each year, or proper wage statements with their wage payments each week.

**Defendants' Unlawful Corporate Policies**

59.     Plaintiffs and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums, spread-of-hours and failing to reimburse for uniform expenses.

60.     Upon information and belief, Defendants manipulated Plaintiffs and certain Class Members' hours so that the time-keeping machine did not reflect the correct number of hours worked.

61.     Plaintiffs have spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked. Defendants' failure to pay Plaintiffs minimum wages for all hours worked is a corporate policy of Defendants which applies to all of their tipped non-management employees throughout the Class Period.

62.     Plaintiffs have spoken with other employees of Defendants who were similarly paid on a purported "salary" basis, which did not include overtime premium compensation for hours worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiffs overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week is a corporate policy of Defendants which applies to all of their non-management employees throughout the Class Period.

63.     Defendants' failure to pay Plaintiffs spread-of-hours premiums for days in which Plaintiffs have worked a spread of more than ten hours or a split shift has been a corporate policy which applies to all of their non-management employees who worked more than ten (10) hours

in a day and/or a split shift throughout the Class Period.

64.     Defendants have required Plaintiff Ramos and certain Class Members to purchase uniforms for which Defendants have not reimbursed the cost to Plaintiffs and Class Members. Defendants also have required that Plaintiff Ramos and certain Class Members maintain their uniforms, but Defendants have not provided Ramos and Class Members uniform maintenance pay.

65.     Defendants required certain Plaintiffs and Class Members to purchase and wear a uniform that: (a) could not be worn as part of Plaintiffs' ordinary wardrobe; (b) was not made of "wash and wear" materials' (c) could not be routinely washed and dried with other personal garments; and (d) required ironing, dry cleaning, daily washing, and/or other special treatment.

66.      Defendants' policies of paying certain employees on a "salary" basis rather than an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

67.     Defendants have not provided Plaintiffs or Class Members with proper wage notices at the time of hire or by February 1 of each year.

68.     The work performed by Plaintiffs requires little skill and no capital investment.

69.     Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment.  Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half when working in excess of forty (40) hours per week.  Additionally, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor were they provided with proper wage statements and wage notices at hiring, by February 1 of each year, or proper wage

14

statements with their wage payments on a weekly basis.

70.     Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**Defendants' Willful Violations**

71.     Defendants Nikodemo Operating Corp., Dimitrios Kaloidis, Ioanis Paraponiaris and Steve Zaharakis were sued in this District in 2015 by a busboy who worked for Defendants on claims nearly identical to those in the instant lawsuit.

72.     The busboy alleged, in part, that Defendants had failed to pay him at least minimum wage for all hours worked, overtime premiums for hours worked over forty (40) each week, and spread-of-hours premiums for shifts in excess of ten (10) hours, and failed to provide him with written wage notices and wage statements.

73.     Defendants reached a settlement of that action on behalf of the named plaintiff.

74.     Defendant Kaloidis was sued in this District in 2013 by two (2) former employees of his diner named "Georgia Diner," which is located in Queens County, New York, on claims nearly identical to those in the instant lawsuit.

75.     That action was settled on behalf of the 2 named plaintiffs.

76.     Defendant Kaloidis was sued in this District in 2014 by former servers and kitchen employees of his "Nevada Diner" and "Georgia Diner," both located in Queens County, New York, on claims nearly identical to those in the instant lawsuit.

77.     That action was settled on behalf of a Rule 23 class of employees of both diners.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought On Behalf of Plaintiffs and the Collective Action Members)**

78.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

80.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

81.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.  By failing to pay Plaintiffs and the Collective Action Members the tipped minimum wage for all hours worked, Defendants lose the ability to utilize a tip credit against the FLSA's minimum wage. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought On Behalf of Plaintiffs and the Collective Action Members)

82.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

84.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

85.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
### (Brought On Behalf of Plaintiffs and the Class Members)

86.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

87.     Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

88.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**<u>NEW YORK LABOR LAW – UNPAID OVERTIME</u>**
**(Brought On Behalf of Plaintiffs and the Class Members)**

89.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

90.     Defendants willfully violated Plaintiffs and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

91.     Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS**
**(Brought On Behalf of Plaintiffs and the Class Members)**

92.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

93.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

94.     Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES**
**(Brought On Behalf of Plaintiffs and the Class Members)**

95.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

96.     Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and

the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

97.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**<u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS</u>**
**(Brought On Behalf of Plaintiffs and the Class Members)**

98.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

99.     Defendants have willfully failed to supply Plaintiffs and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

20

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

100.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### EIGHTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNIFORM VIOLATIONS
**(Brought On Behalf of Plaintiffs and the Class Members)**

101.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

102.    Defendants willfully violated the rights of the Plaintiffs and the Class Members by failing to reimburse them for the purchase of their required uniforms, and by failing to provide them with uniform maintenance pay, in violation of the NYLL §§ 650, *et seq*., and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.8 (2009), 146-1.7 & 1.8 (2011).

103.    Defendants' uniform violations caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from

Defendants the amount that Defendants failed to reimburse Plaintiffs and Class Members for the purchase of their uniforms and the amount that they failed to pay Plaintiffs and Class Members for the maintenance of such uniforms, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(I) *et al.*

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.      An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.      An award of damages arising out of the improper unpaid uniform expenses and unpaid uniform maintenance costs under the NYLL;

j.      Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b.

k.      One hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to

occur, up to a maximum of twenty-five hundred dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

l.      An award of prejudgment and post-judgment interest;

m.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       March 2, 2016

                                        **PELTON & ASSOCIATES PC**

                                        By: _____
                                        Brent E. Pelton (BP 1055)
                                        Taylor B. Graham (TG 9607)
                                        111 Broadway, Suite 1503
                                        New York, New York 10006
                                        Telephone: (212) 385-9700
                                        Facsimile: (212) 385-0800

                                        *Attorneys for Plaintiffs, the FLSA Collective and Class*

24

December 15, 2015

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las normas laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Floridian Diner y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en como debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

X _____    12-15-2015    _____
         Firma                   Fecha            Nombre Escrito

December 15, 2015

# CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las normas laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Floridian Diner y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en como debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

x Patricio Delgado   12/15/2015      PATRICIO DELGADO
Firma                 Fecha           Nombre Escrito